FILED

06/28/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0719

DA 15-0719

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 158N

SHIRLEY ARLEE LANKFORD,

Petitioner and Appellee,

v.

SATPAL SINGH MUHAR,

Respondent and Appellant.

APPEAL FROM:     District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADR 15-308
Honorable Greg Pinski, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Craig D. Charlton, Scott H. Clement, Smith Law Firm, P.C., Helena,
Montana

For Appellee:

Shirley Arlee Lankford, self-represented, Great Falls, Montana

Submitted on Briefs:  June 8, 2016

Decided:  June 28, 2016

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Satpal Muhar appeals the order of the Eighth Judicial District Court, Cascade County, extending an order of protection sought by Shirley Lankford and entered against Muhar. We affirm.

¶3 Muhar is seventy-nine years old, speaks very little English, and suffers from vascular dementia, symptoms of Alzheimer's disease, and other physical and mental health issues. Prior to the instant action, he resided with his adult son and daughter-in-law in Great Falls, Montana, across the street from Lankford.

¶4 On May 21, 2015, Lankford filed a petition for a temporary order of protection against Muhar, which the District Court entered the next day. Lankford alleged that Muhar would stand outside her house making offensive gestures, stare into her home, come into her attached garage, enter her backyard, and attempt to enter her home. She alleged that Muhar's behavior began in March 2014 and continued non-stop for eighteen months. She alleged further that other people had witnessed Muhar's behavior and that Muhar had been cited for misdemeanor trespass. Prior to filing for the temporary order

2

of protection, Lankford told Muhar's family about his behavior and they assured her that they would take care of it. Muhar, however, continued his behavior.

¶5 Due to Muhar's health problems, the hearing on the temporary order of protection was delayed until October 19, 2015. Lankford appeared pro se at the hearing and testified that Muhar's behavior made her feel unsafe and like "a prisoner in [her] own home." She testified further that she "can't do anything" because she was constantly afraid and had altered her daily behavior as a result of Muhar. Lankford's boyfriend, Deputy Cascade County Sheriff Scott Van Dyken, testified that Muhar would wait until Van Dyken had left Lankford's house before Muhar would approach the house. Van Dyken testified further that on one occasion, he left Lankford's house and drove around behind her house and entered through the back door. Muhar watched him leave and then came over to the house. Van Dyken then went outside to speak with Muhar who responded that he was not doing anything.

¶6 Dr. Donna May Zook, a forensic psychologist, testified as an expert on behalf of Muhar. She testified that Muhar has been diagnosed with vascular dementia and Alzheimer's disease. She testified further that the hospital records she relied on in forming her opinions indicated that Muhar displayed confusion, disorientation, combativeness, agitation, erratic behavior, obsessive/compulsive behavior, hypervigilance, worsening short-term memory, hyper-religious beliefs, hyper-sexuality, and manic lack of sleep. She testified that in her opinion, it would be desirable for Muhar to remain with his family. On cross-examination, she testified that "according to the

3

literature . . . a reasonable person would probably not be afraid of [Muhar]." Muhar's son, Sandeep Muhar, testified that Muhar's condition had worsened since he left their home and that if Muhar was allowed to return to their home, they would ensure that someone was always there to watch Muhar.

¶7     On October 22, 2015, the District Court issued its order extending the temporary order of protection until October 19, 2016. The court found based on Dr. Zook's testimony that Muhar exhibited the characteristics of a stalker. The court concluded that Muhar met the statutory requirements for stalking under § 45-5-220(1), MCA. The court concluded further that because it was a civil proceeding Lankford did not need to prove the purposely or knowingly mental state for stalking. Furthermore, the court decided:

> Even if [Lankford] was required to prove the *mens rea* of the crime, she meets that burden. [Muhar's] repeated conduct evidences that he purposely crossed the street, stared in [Lankford's] home, entered her garage, and came to her door. This is further supported by the fact that he would always wait until Detective Van Dyken left before coming to [Lankford's] home, showing that he cognitively understood his behavior.

Muhar's behavior, the court determined, caused Lankford substantial emotional distress. Finally, the court concluded that it would not allow Muhar to reside in his home under supervision because "there is no statutory authority for such relief," and "[g]iven the prior failures to supervise [Muhar's] behavior, the Court declines to exercise any discretionary power to grant such relief." Muhar appeals.

¶8     We will not overturn a district court's decision to continue, amend, or make permanent an order of protection absent an abuse of discretion. *Boushie v. Windsor*, 2014 MT 153, ¶ 8, 375 Mont. 301, 328 P.3d 631. The question under this standard is not

4

whether we would have reached the same decision as the trial judge, but whether the trial judge acted arbitrarily without conscientious judgment or exceeded the bounds of reason. *Boushie*, ¶ 8.

¶9     On appeal, Muhar contends that the District Court abused its discretion in extending the order of protection because a reasonable person in Lankford's position would not have suffered substantial emotional distress from Muhar's behavior.  Muhar contends further that under the stalking statute some showing must be made to satisfy the mental state element.  Muhar argues that the evidence shows that he "lacked the mental faculties needed to purposely or knowingly cause substantial emotional distress."  Muhar therefore claims that there was no basis for the entry of the order of protection.

¶10    After reviewing the record, we conclude that the District Court did not abuse its discretion in extending the order of protection against Muhar.  Muhar emphasizes Dr. Zook's testimony regarding whether a reasonable person would suffer emotional distress from Muhar's behavior and whether Muhar has the capacity to understand his conduct or its ramifications.  It is, however, "within the province of the finder of fact to weigh the evidence presented and determine the credibility of witnesses; in the event of conflicting evidence on factual issues, the trier of fact determines which will prevail." *Boushie*, ¶ 12 (citation and internal quotations omitted).  This standard applies equally to the evaluation of expert testimony.  *Wyo-Ben, Inc. v. Bixby*, 2014 MT 334, ¶ 51, 377 Mont. 318, 339 P.3d 1255.  In its order, the District Court acknowledged and considered Dr. Zook's testimony but ultimately determined that Lankford's and Van Dyken's

5

testimony was more convincing. The evidence supports the District Court's conclusion that Lankford "met her burden of proving by a preponderance of the evidence she is entitled to an order for protection." As such, the District Court did not act arbitrarily or otherwise exceed the bounds of reason.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's order extending the order of protection against Muhar is affirmed.


/S/ BETH BAKER


We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JIM RICE